WESTERN BRIDGE & CONSTRUCTION COMPANY, APPELLANT,
v. CHEYENNE COUNTY ET AL., APPELLEES.

FILED APRIL 20, 1912. No. 16,992.

OPINION on motions to modify opinion reported in 90 Neb. 748. *Former opinion modified.*

PER CURIAM.

On motions for modification of the opinion. By the former opinion (90 Neb. 748) a judgment was directed in favor of the plaintiff "for the amount of its claim, less the amount of the freight bills, which by the terms of the contract, and by leave of the state railway commission, the Union Pacific Railroad Company had agreed to receipt in full as a donation" to Cheyenne county. It appears from the record that plaintiff has paid to the Union Pacific Railroad Company $1,087.14 for freight on the bridge material over that line. Cheyenne county refused to accept the goods or receive the receipted freight bills, hence the plaintiff was compelled to pay the freight. This amount, under the terms of the contract, plaintiff is entitled to receive from Cheyenne county in addition to the contract price for which judgment has already been directed.

Morrill county has also requested a modification of the opinion. Its principal complaint is that, while by the opinion Cheyenne county is compelled to pay for the

bridge, it retains all the money in the bridge fund.  As the judgment is now modified Cheyenne county is required to pay $9,359.29, with interest, to plaintiff.  There is a difference of about $700 between one-third of the cost of the bridge and one-third of the bridge fund on hand at the time of the division of the county.  Since it is stipulated that the relative assessed valuation of the two counties was two-thirds and one-third, respectively, under the provisions of section 16, art. I, ch. 18, Comp. St. 1911, the balance remaining in the bridge fund must be divided in this proportion, and the opinion must be modified so as to allow Morrill county to recover one-third of the net amount remaining in the bridge fund after the plaintiff's judgment and costs are fully paid.

With respect to the request of Morrill county that it be relieved from the burden of paying interest, this should not be allowed.  If it were not for the positive provisions of the statute referred to, we should adhere to our former opinion, since we consider that Morrill county is getting all that it is in justice, and perhaps more than it is in equity, entitled to.

Our former judgment is modified, and the cause reversed and remanded, with direction to the district court to render judgment in accordance with the former opinion, as now modified, in favor of the plaintiff and Morrill county.

FÓRMER OPINION MODIFIED.